## THE GRANGE UNION, APPELLANT, v. H. D. BURKHART.

FINAL SETTLEMENT OF ESTATE—REJECTED CLAIM.—Where one having a claim against the estate of a deceased person presented it to the administrator for allowance, and it was rejected by him, and no action was afterwards commenced by the claimant against the administrator to establish its validity, the holder thereof can not after the final settlement of the administration accounts maintain a suit in equity to recover the claim from the next of kin of the deceased person out of any distributive share which he may have received.

APPEAL from Linn County. The facts are stated in the opinion.

*Powell & Flynn, and R. S. Strahan,* for appellant.

*J. K. Weatherford and D. R. N. Blackburn,* for respondent.

By the Court, KELLY, C. J.:

The respondent is a corporation duly incorporated under the laws of Oregon, on the sixth day of February, 1875, with a capital stock of twenty thousand dollars, divided into eight hundred shares of twenty-five dollars each. In April of that year subscriptions were made to the capital stock,

and among others, one by L. C. Burkhart, for four shares, amounting to one hundred dollars. The whole amount was levied and ordered to be paid on or before October 30, 1875. The assessments of L. C. Burkhart became due and payable but were not paid by him. On the fifth day of November, 1875, he died intestate, leaving H. D. Burkhart, the appellant, and six others, his heirs at law. In November, 1875, the appellant was appointed administrator of the estate of his father, and as such administrator he settled up the estate on the eleventh of March, 1878. The appellant received out of the personal estate of L. C. Burkhart, deceased, four hundred and thirty-five dollars and seventy-six cents as his distributive share of the estate as one of the heirs and next of kin.

The respondent made out a claim against the estate of the decedent for one hundred dollars and interest, the amount of the assessments before referred to, duly verified, and presented the same to the administrator for allowance about six months before the settlement of the estate. The administrator neither allowed nor disallowed the claim by indorsement thereon at the time it was presented, but two or three months before the final settlement of the estate, the administrator personally notified the respondent, through its secretary, that he would not pay said claim. The secretary, who had charge of the matter, informed the administrator that he would appear before the probate court and object to the final settlement of the estate unless the claim was paid. The administrator stated that he was ready to pay it if the court would so direct. The respondent, however, failed to appear, and made no objections whatever to the final settlement. After the discharge of the appellant as administrator, this suit was brought against him as next of kin of L. C. Burkhart, deceased, to enforce the payment of the claim of one hundred dollars and interest, before referred to. It is brought under section 469, page 206, of the code, which is as follows: "The next of kin of a deceased person are liable to a suit in equity by a creditor of the estate to recover the distributive shares received out of such estate, or to so much thereof as may be necessary to

satisfy his debt.    The suit may be against all of the next of kin jointly, or against any one or more of them severally."

The claim for the recovery for which this suit was brought, was. presented by the respondent to the administrator of L. C. Burkhart, deceased, for his allowance or rejection, and afterwards disallowed by him, of which fact he afterwards personally notified the secretary of the respondent. When the claim was rejected, we think the respondent ought to have proceeded to establish its validity by an action against the administrator, so that any judgment which might have been obtained could have been satisfied in the due course of administration.    The respondent had a plain and adequate remedy at law to collect its demands, and having discontinued the proceedings already commenced to establish the claim, the administrator was justified in coming to the conclusion that it had been abandoned.    Under these circumstances, after the final settlement of the administration accounts, we think the respondent ought not to maintain a suit in equity to establish its claim against the appellant as the next of kin to the decedent, L. C. Burkhart.

The decree of the circuit court is reversed, and it is ordered and decreed that the appellant recover of the respondent his costs of suit.